## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Oct 01 2019, 5:44 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

William T. Myers
Whitehurst & Myers Law
Marion, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Ellen H. Meilaender
Supervising Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Jennifer M. Culver,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

October 1, 2019

Court of Appeals Case No.
18A-CR-2661

Appeal from the Huntington
Superior Court

The Honorable Jennifer E.
Newton, Judge

Trial Court Cause No.
35D01-1803-F6-48

**Najam, Judge.**

# Statement of the Case

Jennifer M. Culver appeals her conviction for theft, as a Level 6 felony, following a jury trial. Culver raises one issue on appeal, namely, whether the State presented sufficient evidence to support her conviction.

We affirm.

# Facts and Procedural History

On February 6, 2018, Culver and her two children went to Los Amigos restaurant for dinner. Culver ordered a chalupa, a child's cheese quesadilla, and two drinks. When the food arrived, Culver questioned her waiter whether the chalupa being served was actually a chalupa. Accordingly, Culver's waiter asked Ramiro Escamilla, the restaurant's manager, to speak to Culver. Escamilla explained to Culver that she had received a chalupa, as ordered, but that the chalupa was simply a different shape than what she was used to getting at other restaurants. He offered to either replace the chalupa with something else or to remove the food and take it off of her bill. In response, Culver said: "no, that's fine, that's ok." Tr. Vol. II at 29. Escamilla asked if Culver was sure and again offered to get her something else. Culver again declined Escamilla's offer. Escamilla then left Culver and her children to eat.

Escamilla returned to Culver's table approximately ten or fifteen minutes later. When he arrived, Escamilla noticed that the "[p]lates were clean." *Id*. at 30. Escamilla then directed Culver's waiter to leave the bill, which totaled $11.73. Escamilla saw the waiter leave the bill on Culver's table. He then watched

Culver and her children "briskly walk" out of the restaurant without stopping at the cash register to pay. *Id.* at 49. Escamilla went to Culver's table and "looked around" because "sometimes people do leave money" on the table. *Id.* at 32. Escamilla saw the bill, but he did not see any money. He then took the bill and went outside. Culver was at her van, and Escamilla told her that she forgot to pay her bill. In response, Culver said: "I'm not paying for that shit." *Id.* at 33. Escamilla then wrote down Culver's license plate number and called the police.

[5] Officer Clayton Baker with the Huntington City Police Department responded to Escamilla's call. Officer Baker ran the license plate number Escamilla had provided to him, and the results confirmed that the van belonged to Culver. Officer Baker then called Culver approximately five times but was unable to speak with her. Officer Baker left Culver a voicemail telling her that Los Amigos wanted her to pay her bill and, if she did, they would not pursue legal action. A few days later, after Culver had failed to return his call, Officer Baker called again and left a similar voicemail. When Culver still did not return his call, Officer Baker asked Deputy Marshall Jeremy Goff with the Roanoke Police Department to contact Culver. Deputy Marshall Goff spoke with Culver at her place of employment, gave her the Huntington City Police Department's phone number, and asked her to call them about an unpaid restaurant bill. Culver never called Officer Baker.

[6] The State charged Culver with one count of theft, as a Level 6 felony. At Culver's ensuing jury trial, the State presented as evidence Escamilla's testimony. Escamilla testified that, while he offered to remove the uneaten

food from Culver's table and remove it from the bill when she initially complained about the food, he never indicated to her that she did not have to pay for food that she and her children ate. He further testified that, when he went back to check on Culver and her children, "all the food was eaten." *Id.* at 55. In her defense, Culver presented her testimony and the testimony of her son. Culver testified that one of the waiters at the restaurant had told her that she did not need to pay for the complained-of food. She further testified that she had left ten dollars on the table, which she believed was "more than enough" to cover the remainder of her bill. *Id.* at 93. Culver's son also testified that Culver had left ten dollars on the table.

[7] At the conclusion of the first phase of the trial, the jury found Culver guilty of theft. During the second phase, Culver admitted that she had a prior, unrelated conviction for theft. Accordingly, the trial court entered judgment of conviction against Culver for theft, as a Level 6 felony, and sentenced her accordingly. This appeal ensued.

## Discussion and Decision

[8] Culver contends that the State failed to present sufficient evidence to support her conviction. Our standard of review on a claim of insufficient evidence is well settled:

> For a sufficiency of the evidence claim, we look only at the probative evidence and reasonable inferences supporting the verdict. *Drane v. State*, 867 N.E.2d 144, 146 (Ind. 2007). We do not assess the credibility of witnesses or reweigh the evidence. *Id.*

> We will affirm the conviction unless no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt. *Id.*

*Love v. State*, 73 N.E.3d 693, 696 (Ind. 2017).

[9]  To prove that Culver committed theft, as a Level 6 felony, the State was required to show that Culver knowingly or intentionally exerted unauthorized control over the property of another person with the intent to deprive the other person of any part of its value and that Culver had a prior unrelated conviction for theft. Ind. Code § 35-43-4-2(a)(1) (2018). On appeal, Culver contends that the State presented insufficient evidence to prove that she exerted unauthorized control over the restaurant's property. Specifically, Culver contends that the State failed to present sufficient evidence to support her conviction because she and her ten-year old son both testified that "she left $10 on the table" before she left the restaurant and because she testified that "one of the waiters told her that she didn't have to pay for the food[.]" Appellant's Br. at 10.

[10]  We acknowledge that both Culver and her son testified that Culver left money on the table. However, it was the jury's responsibility to judge the credibility of the witnesses, and the jury was free to disbelieve or discount their testimony given the other evidence. Culver's argument on appeal is simply a request that we reweigh the evidence, which we cannot do. Rather, the evidence most favorable to the trial court's judgment demonstrates that Culver and her two children went to Los Amigos restaurant for dinner, ordered, ate the food that was delivered, and then left without paying the bill. Specifically, Escamilla

testified that, when Culver complained that she did not receive the food she had ordered, Escamilla offered to either replace the food with something else or remove the uneaten food and take it off of her bill. However, in response to Escamilla's offer, Culver said that things were "fine." Tr. Vol. II at 29. Indeed, when Escamilla returned to Culver's table ten or fifteen minutes later, he noticed that the "[p]lates were clean" and that "they finished their food[.]" *Id.* at 30, 55. Escamilla also testified that, after the waiter placed the bill on Culver's table, she left the restaurant without paying. And, when Escamilla followed her to the parking lot to ask her to pay, she responded that she was "not paying for that shit." *Id.* at 33. Further, Culver continued to refuse to pay the bill even after Officer Baker told her in at least two voicemails that Los Amigos would not pursue legal action if she paid her bill. Based on that evidence, we conclude that a reasonable fact-finder could conclude that Culver committed theft, as a Level 6 felony. We affirm Culver's conviction.

[11] Affirmed.

Vaidik, C.J., and Riley, J., concur.